UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAPLE HEIGHTS CITY SCHOOL | ) | CASE NO.: |
| DISTRICT BOARD OF EDUCATION | ) | |
| 5740 LAWN AVE. | ) | JUDGE: |
| MAPLE HEIGHTS, OH  44137 | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | **COMPLAINT AND NOTICE OF APPEAL** |
| | ) | **FROM ADMINISTRATIVE** |
| v. | ) | **PROCEEDING CONDUCTED** |
| | ) | **PURSUANT TO 20 USC § 1401 ET SEQ.** |
| A.C., Individually and on Behalf of | ) | |
| A.W., a Minor, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

Plaintiff/Appellant Maple Heights City School District Board of Education (the "District" and "Respondent" in the administrative proceedings) states as follows for its Complaint against the above-named Defendants:

**PRELIMINARY STATEMENT**

1.    This action is brought by the District following administrative proceedings brought under the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 USC § 1401, et seq.

2.    The administrative proceedings were brought in the form of a due process complaint by Defendant/Appellee A.C. (the "Parent"), as Petitioner on behalf of Defendant/Appellee A.W. (the "Student"), who is a student with disabilities in the District.  The due process complaint sought, primarily, a determination that the District is unable to provide a

Free Appropriate Public Education ("FAPE") under the IDEIA to the Student, and seeking an order requiring an out-of-district placement, at the District's expense, for the Student. After a hearing, the Independent Hearing Officer ("IHO") ruled in favor of the District on both of these issues: holding that the District is capable of providing FAPE to the Student and denying Petitioner's request for an out-of-district placement. Both Petitioner and Respondent below filed administrative appeals, challenging portions of the IHO's Decision and Order. The State Level Review Officer ("SLRO") also ruled that the District is capable of providing FAPE and denied the request for out-of-district placement.

## JURISDICTION

3. This action is an appeal of certain rulings issued in the state level review of the administrative disposition of a due process complaint that was originally filed under the authority of the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 USC § 1401, et seq.

4. Jurisdiction is proper under 14 USC § 1415(i)(2) & (3)(A), 28 USC § 1331, 14 USC § 1343(a)(3) and 28 USC § 2201.

5. Venue is proper under 28 USC § 1391(b) because the District and the Defendants/Appellees are located within the jurisdiction of this judicial district and all of the events that are the subject of this Complaint occurred within the jurisdiction of this judicial district.

6. The District has exhausted its administrative remedies where necessary pursuant to the IDEIA.

## PARTIES

7. Plaintiff/Appellant the Maple Heights City School District Board of Education is a body corporate and politic, capable of suing and being sued pursuant to Ohio

Revised Code Section 3313.17, and is located in Cuyahoga County, Ohio.  As a local education agency, as that term is defined in 20 USC § 1401(8), the District is responsible for providing FAPE to students with disabilities residing in its jurisdiction.  As the school district in which the Student and her Parent reside, the District has responsibility for providing education services to the Student pursuant to 20 USC § 1401, et seq. and Ohio Revised Code Chapter 3323.

8.    Defendant A.C. (the "Parent") is the parent and next friend of A.W. and a resident of Cuyahoga County, Ohio.  The Parent will be identified by the pseudonym "A.C." throughout.

9.    A.W. (the "Student") is a minor and a child with a disability as defined by the IDEIA.  A.W. is enrolled in the Milkovich Middle School in the District.  The Student will be identified by the pseudonym "A.W." throughout.

## ADMINISTRATIVE PROCEEDINGS

10.    On or about March 11, 2013, the Parent filed a due process complaint with the Office for Exceptional Children of the Ohio Department of Education.  The due process complaint sought, *inter alia* and as its primary relief, a ruling that the District is incapable of providing FAPE to the Student and an order requiring out-of-district placement for the Student at a private educational facility, to be paid for by the District.

11.    The due process complaint was assigned Case No. SE 2803-2013, and Ronald E. Alexander was appointed as the Impartial Hearing Officer ("IHO") for the due process hearing (the "Hearing") requested by the Parent.

12.    Prior to the Hearing, Petitioner sought an interim "Stay-Put" order that the Student should remain in a regular classroom setting rather than the home-based instruction that had been ordered by the District during periods when the Student had been expelled.  The IHO denied the Stay-Put motion on May 3, 2013.

13.     Prior to the Hearing, the District sought an order enforcing a Settlement Agreement previously entered into between the Parent and the District, which the IHO did not rule on prior to the Hearing.  Although the IHO eventually declined to enforce the Settlement Agreement, the SLRO overturned this determination and held that the Settlement Agreement should be enforced.

14.     Following pre-hearing briefing by both parties, the due process Hearing was held on non-consecutive days in May and June 2013.  The parties also filed post-hearing briefs with the IHO.

15.     The IHO issued his 125-page Decision and Order ("IHO Order") on November 7, 2013.

16.     Petitioner filed a Notice of Appeal to State Level Review Officer with the Ohio Department of Education Office for Exceptional Children on December 13, 2013.

17.     The District, as Respondent, filed a Notice of Appeal with the Ohio Department of Education Office for Exceptional Children on December 20, 2013.

18.     Monica Bohlen was appointed as the State Level Review Officer ("SLRO") for both appeals, which were consolidated under Case No. SLR 2803-2013.

19.     Following briefing by the parties, the SLRO issued her Final Decision and Entry ("SLRO Decision") on March 5, 2014.

20.     For purposes of this action, the SLRO's decision constitutes the final decision of the state administrative process, and it is the SLRO's Decision that is subject to review by this Court.  A copy of the SLRO's decision is attached as Exhibit 1 hereto.

21.     The SLRO decision included multiple findings in the District's favor, including:

4

    a.  Enforcing the Settlement Agreement (SLRO Decision, p. 31.)

    b.  Determining that Petitioner did not prove by a preponderance of the evidence that the Student's February 1, 2012 IE did not provide FAPE, because that issue had been resolved by the Settlement Agreement. (SLRO Decision, p. 54.)

    c.  Determining that the Petitioner did not prove by a preponderance of the evidence that the District is unable to provide FAPE going forward. (SLRO Decision, p. 54.)

    d.  Denying Parent's request for an out-of-district placement, by determining that Petitioner did not prove by a preponderance of the evidence that the requested out-of-district Placement at Education Alternatives ("EA") was not the least restrictive environment ("LRE") for the Student. (SLRO Decision, p. 54.)

22.  The District is aggrieved by certain adverse findings in the SLRO's Decision which affirm (and modified) the IHO's Order, and therefore appeals to this Court to reverse those findings.

## COUNT I
## APPEAL OF SLRO DECISION

23.  Plaintiff/Appellee realleges and reincorporates the allegations contained in Paragraphs 1-22 of this Complaint as if fully rewritten herein.

24.  The District is aggrieved by the SLRO decision within the meaning of 20 USC § 1415(i)(2)(A), and seeks review and reversal of the SLRO's Decision and Order on the grounds that portions of that Decision and Order are contrary to applicable law and the evidence adduced at the hearing.

25.     The SLRO erred in concluding and deciding that the Parent met her burden to prove by a preponderance of the evidence that the Student's conduct that was the subject of the October 16, 2012 manifestation determination was a manifestation of the Student's disabilities. (SLRO Decision, p. 53-54.) The SLRO improperly disregarded and gave no weight to documentary record evidence, witness testimony, and expert testimony in reaching this decision. The SLRO's decision is contrary to both the law and the evidence adduced at the hearing.

26.     The SLRO erred in concluding and deciding that the Parent met her burden to prove by a preponderance of the evidence that the Student's conduct that was the subject of the March 4, 2012 manifestation determination was a manifestation of the Student's disabilities. (SLRO Decision, p. 54.) The SLRO improperly disregarded and gave no weight to documentary record evidence, witness testimony, and expert testimony in reaching this decision. The SLRO's decision is contrary to both the law and the evidence adduced at the hearing.

27.     The SLRO erred in concluding and deciding that the Parent met her burden to prove by a preponderance of the evidence that the Student's March 11, 2013 IEP did not provide FAPE to the Student. (SLRO Decision, p. 54.) The SLRO improperly disregarded and gave no weight to documentary record evidence, witness testimony, and expert testimony, including evidence and testimony demonstrating the Student's progress during the relevant time period, in reaching this decision. The SLRO's decision is contrary to both the law and the evidence adduced at the hearing, and impermissibly shifted the burden of proof.

28.     The SLRO erred in concluding and deciding that the change of placement to home-based instruction during the 2012-1013 school year, resulting from two expulsions of the student, denied FAPE to the Student. (SLRO Decision, p. 54.) The IHO improperly

6

disregarded and gave no weight to the IHO's previous determination, in his Order on the Stay-Put hearing, that the home-based instruction at the library provided educational services to enable the Student to participate in the general educational curriculum and provided better intervention services and modifications designed to address the Student's behavior violation, and therefore denying the Parent's Stay-Put motion.  And, the SLRO improperly disregarded and gave no weight to documentary record evidence, witness testimony, and expert testimony, including evidence and testimony demonstrating the Student's progress during the home-based instruction.  The SLRO's decision is contrary to both the law and the evidence adduced at the hearing.

29.     The SLRO erred in ordering that 125 hours of compensatory education be provided to the Student.  (SLRO Decision, p. 54.)  The SLRO's compensatory education order is based upon her erroneous findings that FAPE was not delivered during home-based instruction, and thus it was error to order compensatory education where the Student was not entitled to an award of compensatory education.  The SLRO's decision is contrary to law and to the evidence adduced at the hearing, and contrary to the SLRO's own findings and conclusions.

30.     Although the SLRO reversed the IHO's order refusing to enforce the Settlement Agreement, the SLRO erred in disregarding and giving no weight to the Settlement Agreement reached by the parties and the testimony concerning District personnel's ability to assess whether the Student's behaviors constitute social maladjustment and about how to proceed with respect to the Student's behaviors. In addition, the SLRO gave undue weight to Parent's expert witness' testimony and disregarded and gave no weight to the testimony of the District's expert witness on the issues of social maladjustment.  The SLRO's Decision is thus inconsistent

with her own findings and contrary to the law and to the documentary record evidence and testimony adduced at trial.

31.     The SLRO erred by disregarding and giving no weight to the report and testimony of the District's expert witness, Dr. Sargent, and by affording undue and improper weight to the testimony of Parent's expert witness, Dr. Jensen.  In this respect, the SLRO gave excessive and improper deference to the IHO's failure to give any weight at all to the testimony of the District's expert witness, on any issues at all.  The SLRO's decision is contrary to law and the documentary record evidence and testimony adduced at trial.

32.     The SLRO erred by disregarding record evidence and testimony that the Student was offered counseling services but the Parent declined such services, and that the Parent removed the Student from Applewood.

33.     The SLRO erred in considering evidence and making findings of fact beyond the 2-year time period permissible under IDEIA, and/or beyond the scope of the agreed-to Statement of Issues, and by failing to rule that the IHO erred in allowing the introduction of such evidence;

34.     The SLRO erred in failing to find that the IHO committed prejudicial error by bifurcating the hearing, resulting in undue delay in providing services to the Student and in unnecessary and undue burden and expense upon the District.

35.     Wherefore, the District requests that the SLRO's Decision and Order be modified and the Court issue an Order declaring that:

    a.  The SLRO's findings that the Settlement Agreement should be enforced; that the Student received FAPE under the 2012 IEP; that the District is capable of providing FAPE to the Student going forward;

and that no out-of-district placement at EA is appropriate are all affirmed;

b. The Parent failed to meet her burden to prove by a preponderance of the evidence that the Student's conduct that was a subject of the October 16 manifestation determination was a manifestation of the Student's disabilities;

c. The Parent failed to prove by a preponderance of the evidence that the Student's conduct that was a subject of the March 4 manifestation determination was a manifestation of the Student's disabilities;

d. The Parent failed to meet her burden to prove by a preponderance of the evidence that the March 11, 2013 IEP did not provide FAPE to the Student;

e. The Parent failed meet her burden to prove by a preponderance of the evidence that the Student's placement in home-based instruction during the 2012-2013 school year, as a result of her expulsions, denied the Student FAPE;

f. The Student's March 11, 2013 IEP provided FAPE to the Student;

g. The District provided FAPE to Student during home-based instructional placement during her expulsions; and

h. The SLRO's order of compensatory education is vacated and no compensatory education is required.

WHEREFORE, Plaintiff Maple Heights City School District requests the following relief:

1.  The SLRO'S Decision and Order should be modified and this Court should issue an Order in the form set forth in Paragraph 35, including all of its subparts;

2.  The Court should order all further relief in the District's favor to which it may be entitled, in law or equity.

/s Max W. Thomas
Inajo Davis Chappell (0039626)
Max W. Thomas (0076998)
ULMER & BERNE LLP
1660 West Second Street, Suite 1100
Cleveland, Ohio 44113
Tel:  (216)583-7000
Fax:  (216)583-7001
ichappell@ulmer.com
mthomas@ulmer.com

*Attorneys for Plaintiff-Appellant Maple Heights City School District Board of Education*