# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MAPLE HEIGHTS CITY SCHOOL DISTRICT BOARD OF EDUCATION** : | Case No.: 1:14-cv-01033 |
| : | |
| : | Judge Christopher A. Boyko |
| : | |
| **Plaintiff,** : | Magistrate Judge |
| : | William H. Baughman, Jr. |
| v. : | |
| : | |
| **A.C., Individually and on Behalf of A.W., a Minor,** : | |
| : | |
| **Defendants.** : | |

## COMPLAINT FOR CIVIL ACTION AND COUNTERCLAIM

### I.   INTRODUCTION

1. Each paragraph in this Complaint for Civil Action and Counterclaim incorporates all others.

2. This Complaint for Civil Action and Counterclaim is brought by A.C., on behalf of herself and her minor child, A.W. as parties aggrieved by portions of the findings and decision of the State Level Review Officer ("SLRO") under the procedural safeguards provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415.

3. On March 11, 2013, A.C., the parent of A.W., filed a complaint for due process and request for hearing with the Ohio Department of Education ("ODE") against Maple Heights City School District Board of Education ("Maple Heights") challenging Maple Heights' provision of a free appropriate public education ("FAPE") to A.W., and imposing improper disciplinary measures for disability-related conduct. A six-day hearing was held before an impartial hearing officer, who issued his decision on November 7, 2013. The IHO found in

{00103994-4}

favor of A.C. and against Maple Heights on the majority of significant issues. Both parties appealed the IHO's decision, Case No. SE 2803-2013, to the SLRO-level in December 2013. The SLRO issued her decision, Case No. SLR 2803-2013, on March 5, 2014. Again, the SLRO found in A.C.'s favor and against Maple Heights on the majority of significant issues. However, A.C. and A.W. disagree with the SLRO's decision on a few issues, including the SLRO's determination regarding Maple Heights' ability to provide a FAPE to A.W., A.W.'s placement in an out-of-district placement, whether A.W.'s February 1, 2012 IEP provided FAPE to A.W., and the amount of compensatory education awarded to A.W. Thus, A.C. and A.W. are parties aggrieved by portions of the SLRO's findings and decision and entitled to file a civil action under 20 U.S.C. §§ 1415(i)(2)(A) and 3(A).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over A.C.'s and A.W.'s Complaint for Civil Action and Counterclaim under 20 U.S.C. §§ 1415(i)(2)(A) and 3(A), which provide for the filing of a civil action in a district court of the United States by any party aggrieved by the findings and decisions made in the administrative procedures. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in the Northern District of Ohio, Eastern Division at Cleveland, because the Defendant is located in this District within the meaning of 28 U.S.C. § 1391(b) and because the events, acts, and omissions giving rise to Plaintiffs' Complaint occurred in this District.

6. A.C. and A.W. have exhausted all administrative remedies.

## III. PARTIES

7. A.W. is a fourteen-year-old child with a disability who is diagnosed with attention deficit hyperactivity disorder (ADHD), bipolar disorder, oppositional defiant disorder, and post-

traumatic stress disorder (PTSD), and who, at all relevant times, resided with her mother in the City of Maple Heights, Cuyahoga County, Ohio and attended Milkovich Middle School in Maple Heights for the provision of special education and related services under IDEA.

8. A.C. is the parent and natural guardian of A.W. who, at all relevant times, resided with A.W. in the City of Maple Heights, Cuyahoga County, Ohio.

9. Pursuant to Fed. R. Civ. P. 5.2(a), A.W. proceeds in this case using her initials because she is a minor child. A.W.'s parent, A.C., proceeds in this case using her initials to prevent identification of A.W.

10. Maple Heights is a public school district located in Cuyahoga County, Ohio that is required to ensure that all students living within its district receive an education.

11. As A.W.'s school district of residence at all relevant times, Maple Heights was responsible for ensuring that A.W. received a free appropriate public education (FAPE) pursuant to the requirements of the IDEA.

## IV. FACTS

12. A.W. is an eighth grade student, who was residing in and attending Milkovich Middle School in Maple Heights.

13. A.W. is a student with a disability.

14. A.W receives special education and related services under IDEA, 20 U.S.C. §§ 1400 *et seq.*, through an individualized educational program (IEP).

15. On December 14, 2012, the parties entered into a settlement agreement settling claims based on a previous due process action A.C. filed on August 27, 2012. The settlement agreement expressly excludes all claims that arose after the filing of the due process complaint on August 27, 2012.

*Due Process Hearing*

{00103994-4}   3

16. On March 8, 2013, A.C. filed a complaint and request for a due process hearing on behalf of A.W. against Maple Heights. The Ohio Department of Education received the complaint on March 11, 2013.

17. The hearing request alleged that Maple Heights denied A.W. a FAPE by repeatedly failing to meet A.W.'s academic, behavioral, social, and mental health needs by failing to provide the supports and services necessary for A.W. to manage her behavior, make appropriate academic progress, and receive her education in the least restrictive environment.

18. Further, the hearing request alleged that Maple Heights imposed disciplinary measures, including numerous suspensions and multiple expulsions, and circumvented its obligations under the IDEA, Ohio's Operating Standards, and Section 504 of the Rehabilitation Act of 1973 by conducting inappropriate manifestation determination meetings and expelling A.W. when it knew or should have known that her behaviors were a manifestation of her disability.

19. Finally, the hearing request alleged that Maple Heights intentionally discriminated against A.W. based on her disabilities by denying her the opportunity to participate in or benefit from aids, benefits, and services through a pattern and practice of suspending and expelling A.W. and by failing to provide appropriate accommodations and/or modifications to A.W.

20. A hearing regarding A.C.'s request for "stay put" was held on April 16, 2013. A due process hearing was held on May 16, 20, 21, 22 and 29, 2013; and June 13, 2013.

21. A.C. attended the hearings each day.

22. All parties submitted post-hearing briefs.

23. The Impartial Hearing Officer ("IHO") issued a decision on November 7, 2013 that was favorable to A.C. and A.W. Attached as Ex. 1. The IHO found:

      a)    A.C. proved by a preponderance of the evidence that A.W.'s conduct that was the subject of the October 16, 2012 manifestation determination (marijuana) was a manifestation of A.W.'s disabilities.

      b)    A.C. proved by a preponderance of the evidence that A.W.'s conduct that was the subject of the March 4, 2013 manifestation determination (iPod) was a manifestation of A.W.'s disabilities.

      c)    A.C. proved by a preponderance of the evidence that the February 1, 2012, IEP denied A.W. a FAPE;

      d)    A.C. proved by a preponderance of the evidence that the March 11, 2013, IEP denied A.W. FAPE.

      e)    A.C. did not prove by a preponderance of the evidence that the chart used during the August 24, 2012 ETR meeting was an invalid assessment tool.

      f)    A.C. did not prove by a preponderance of the evidence that Maple Heights is unable to provide FAPE going forward nor did A.C. prove by a preponderance of the evidence that Maple Heights' teachers and staff require training by an expert in order to provide FAPE going forward.

      g)    A.C. did not prove by a preponderance of the evidence that Maple Heights failed to adequately train its teachers.

24.    The IHO ordered Maple Heights to conduct a functional behavioral assessment of A.W. within sixty days of Maple Heights' receipt of the IHO's Decision and that Maple Heights shall complete that assessment as soon as practicable, and shall prepare and implement, as soon as practicable, a behavioral intervention plan for A.W.

25. The IHO further ordered that A.W. shall be returned to the placement from which she was removed due to the March 4, 2013 manifestation determination.

26. The IHO further ordered that Maple Heights shall provide two hundred thirty-four (234) hours of one-on-one compensatory education to A.W., in school, during the 2013- 2014, school year.

*SLRO Appeal*

27. On December 13, 2013, A.C., on behalf of A.W., filed an appeal of the IHO's decision to the State Level Review Officer (SLRO). A.C. appealed the IHO's determination that A.C. failed to prove by a preponderance of the evidence that Maple Heights could not provide A.W. a FAPE moving forward, the IHO's denial of an out-of-district placement for A.W., and the IHO's calculation and timing of the compensatory education award ordered for A.W.

28. On December 20, 2013, Maple Heights filed an appeal of the IHO's decision to the SLRO. Maple Heights cited twelve assignments of error, some with several sub-assignments of error, as the basis for its appeal to the SLRO. Many assignments of error related to the weight the IHO gave to specific evidence, including the testimony of witnesses and the parties' previous settlement agreement. Due to the length of Maple Heights' appeal, the issues appealed are summarized as:

    a) The IHO's determinations that A.W.'s conduct that was the subject of the October 16, 2012 MDR (marijuana) and the conduct that was the subject of the March 4, 2013 MDR (iPod) were manifestations of her disabilities;

    b) The IHO's determination that the February 1, 2012 and March 11, 2013 disciplinary removals denied A.W. a FAPE;

    c)     The IHO's determination that the home-based instruction Maple Heights provided to A.W. denied her a FAPE;

    d)     The IHO's determination of compensatory education hours to A.W.; and

    e)     The IHO's determination to bifurcate the hearing causing undue burden and expense on Maple Heights.

29.     After the parties submitted briefs on the issues raised, the SLRO issued her decision on March 5, 2014. Attached as Ex. 2. The SLRO affirmed the IHO's decision with the exception of two issues. The SLRO reversed the IHO's determination that the February 1, 2012 IEP denied A.W. a FAPE based on her interpretation of the parties' settlement agreement and modified the IHO's award of compensatory education to 125 hours.

30.     The SLRO's decision constitutes the final decision in the state's administrative process.

31.     The SLRO's decision weighs in favor of A.C. and A.W. on the majority of significant issues; however, A.C. and A.W. are aggrieved by a few of the SLRO's findings and decisions and filed this civil action with respect to those findings and decisions.

**V.     FIRST CAUSE OF ACTION – CIVIL ACTION UNDER 20 U.S.C. § 1415(i)(2)(A)**

32.     Any party aggrieved by the findings and decisions of the administrative proceedings may file a civil action with respect to those proceedings in a district court of the United States, without regard to the amount in controversy. 20 U.S.C. § 1415(i)(2)(A).

33.     A.C. and A.W. are aggrieved by a few of the findings and decisions of the SLRO.

34.     A.C. and A.W. seek an Order from the Court holding:

    a)     A.C. proved by a preponderance of the evidence that the February 1, 2012 IEP did not provide FAPE to A.W. during the relevant time-line set forth in the due process complaint;

b) The parties' previous settlement agreement expressly exempts any issue that arose after August 27, 2012; therefore, it is inapplicable to the issues raised in the due process complaint A.C. filed on March 11, 2013;

c) A.C. proved by a preponderance of the evidence that Maple Heights denied A.W. a FAPE during the relevant times set forth in the due process complaint.

d) A.W. is entitled to the full amount of compensatory education sufficient to compensate A.W. for the denial of FAPE to her in an amount to be determined by this Court;

e) A.C. proved by a preponderance of the evidence that Maple Heights is unable to provide a FAPE to A.W. going forward;

f) A.C. proved by a preponderance of the evidence that A.W. was entitled to an out-of-district placement paid for by Maple Heights;

g) A.C. proved by a preponderance of the evidence that Education Alternatives, or similar out-of-district placement, was A.W.'s least restrictive environment;

h) A.W. did not "knowingly" possess drugs on school premises due to her impaired intellectual functioning as a result of her disabilities; and

i) Affirm all other portions of the SLRO decision that were favorable to A.C. and A.W.

## VI. PRAYER FOR RELIEF

A.C. and A. W. request that this Court:

A. Assume jurisdiction over this matter;

{00103994-4}  8

   B.  Order a briefing schedule to allow the parties to present arguments on the issues raised;

   C.  Receive the record of the administrative proceedings;

   D.  Hear additional evidence at the request of A.C. and A.W.;

   E.  Issue an Order as outlined in paragraph 34 above;

   F.  Declare that A.C. is a prevailing party in this action; and

   G.  Grant any other relief this Court deems just and proper.

            Respectfully submitted,

            s/ Laura Osseck
            Laura Osseck (0082231), Trial Attorney
            losseck@disabilityrightsohio.org
            Kristin Hildebrant (0042086)
            khildebrant@disabilityrightsohio.org
            Ohio Disability Rights Law and Policy Center, Inc.
            Disability Rights Ohio
            50 W. Broad St., Suite 1400
            Columbus, OH 43215
            (614) 466-7264 (Phone)
            (614) 644-1888 (Fax)
            *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Complaint for Civil Action and Counterclaim was filed on May 23, 2014, with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all registered parties. The undersigned will also mail Form AO 399 (01/09) Waiver of the Service of Summons to the Plaintiff.

    Respectfully submitted,

    s/ Laura Osseck
    Laura Osseck (0082231)
    losseck@disabilityrightsohio.org
    Trial Attorney for Defendants